Sullivan,
No. 4254.

BEMIS BRO. BAG CO. *v.* CLAREMONT.

Argued December 1, 1953.

Decided January 29, 1954.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. William J. Starr, Jr.* orally), for the plaintiff.

*Robert B. Buckley,* city solicitor (by brief and orally), for city of Claremont.

*Warren E. Waters,* Deputy Attorney General (by brief and orally), for State Tax Commission, as *amicus curiae.*

*Sweeney & Temple* (*Mr. Temple* orally), as *amicus curiae.*

LAMPRON, J. The relief granted in a petition for an abatement is equitable in nature. The plaintiff is entitled to be relieved of such sum, if any, as it has paid in excess of its share of the common tax burden. *Amoskeag Mfg. Co.* v. *Manchester,* 70 N. H. 200, 205. The issue is whether the plaintiff's tax is greater than it should be with respect to the taxes of other property owners in the taxing district. *Rollins* v. *Dover,* 93 N. H. 448, 450. If the whole tax assessed against it does not exceed the sum which it ought to pay, plaintiff would not be entitled to an abatement because of an erroneous assessment. *Conn. Valley Lumber Co.* v. *Monroe,* 71 N. H. 473, 479; *Trustees &c. Academy* v. *Exeter,* 90 N. H. 472, 505. Plaintiff claims that because its stock in trade along with that of other taxpayers was assessed at 100 per cent of its fair market value for 1951 while real estate and other property taxed as such were assessed at 80, 55 and 60 per cent of such value, it has paid more than its share of the common burden and is entitled to an abatement.

The tax on stock in trade (R. L., *c.* 73, *s.* 16 I) is a tax upon "estates." Const. Pt. II, *Art. 5; Winkley* v. *Newton,* 67 N. H. 80, 83, 84; *Amoskeag Mfg. Co.* v. *Manchester, supra;* See *Opinion of the Justices,* 82 N. H. 561, 581. It is a general property tax levied upon the owner or possessor of the property at fixed annual intervals. *Amoskeag Mfg. Co.* v. *Manchester,* 70 N. H. 336, 346, 347; *Havens* v. *Attorney General,* 91 N. H. 115, 132. The property is to be appraised at "its full and true value in money." R. L., *c.*

76, *s.* 1. Such value is the market value or the price which the property will bring in a fair market after reasonable efforts have been made to find the purchaser who will give the highest price for it. *Trustees &c. Academy* v. *Exeter*, 92 N. H. 473, 481; *Brock* v. *Farmington*, 98 N. H. 275, 277. In those respects stock in trade is identical with land and water power, buildings and structures, and machinery.

It has on the other hand certain differing characteristics. Unlike real estate and other property taxed as such the tax is assessed not upon the amount of property on hand April 1, but upon the average amount employed in the trade or business during the year. *Conn. Valley Lumber Co.* v. *Monroe*, 71 N. H. 473, 477. "No particular item . . . is valued, but the average value for the tax period is assessed. The particular stock varies and shifts and as itemized property may not be at all or only in small part on hand to be taxed more than once." *Opinion of the Justices,* 82 N. H. 561, 581. Because of this characteristic it might be said from an economic point of view that it is more closely tied to trends of inflation and deflation than a parcel of real estate which in most cases remains to be taxed year after year. In other words stock in trade being taxed not as to the items making it up but on a figure representing its average value for the tax period with the items wholly or largely changed in the next period, its value is more intimately linked to the current market prices than is a parcel of real estate whose market price will fluctuate with the changing economic trends. This seems to be the reasoning which motivated the State Tax Commission.

However our Constitution provides that all taxes on "estates" shall be proportional and reasonable (Const. Pt. II, *Art.* 5) which means equal and just. *Opinion of the Court,* 4 N. H. 565, 568. Equality in the burden of taxation cannot exist without uniformity in the mode of assessment as well as in the rate of taxation. *State* v. *Express Co.,* 60 N. H. 219. By virtue of these constitutional principles each taxpayer is entitled to have his property valued for taxation by the same standard as that of other taxpayers. *Rollins* v. *Dover,* 93 N. H. 448, 450. This requires a proportional and equal valuation of the different kinds of taxable estates. *Amoskeag Mfg. Co.* v. *Manchester,* 70 N. H. 200, 203, 204.

The Trial Court has found on proper evidence "that on April 1, 1951, the fair market value of real estate in the City of Claremont was on the average equal to the 'fair current value' as found

for 1951 by . . . [the] appraisers employed by said City." It is also uncontroverted that the fair market value of stock in trade was the same as the value used by the city assessor in making his assessment, thereon for the year 1951. It is further admitted that the city assessor did not assess land and water power at the fair market value as found but rather at 80 per cent thereof. In the case of machinery the percentage used was 60. Buildings were assessed at 55 per cent of the market value set by the appraisal firm.

We find no legal basis for assessing stock in trade at its full market value and real estate and other such property at varying percentages lower than its market value. *Manchester Mills* v. *Manchester*, 57 N. H. 309, 314. "There is no foundation for the proposition that owners of one kind of property should pay more or less than their share of the common burden because of the character of their estate." *Amoskeag Mfg. Co.* v. *Manchester, supra,* 205. We are of the opinion that the assessment as made was in violation of the constitutional requirements of proportionality and equality.

We turn now to the question of whether plaintiff is entitled to an abatement and the method of determining the amount thereof. As we have said previously, erroneous assessment alone does not constitute the basis of an abatement. *Trustees &c. Academy* v. *Exeter*, 90 N. H. 472, 505. It must result in placing upon plaintiff more than his share of the common tax burden. *Amoskeag Mfg. Co.* v. *Manchester, supra; Rollins* v. *Dover, supra.* This inequity exists when the assessment placed on plaintiff's property as a whole is disproportionately higher in relation to its true value than is the case as to other property in general in the taxing district. *Brock* v. *Farmington*, 98 N. H. 275, 279. To determine if such is the case all of plaintiff's taxable estate in the city and its total tax must be considered regardless of any agreement as to any part thereof which might have been arrived at between the parties. That is the only way of ascertaining if plaintiff is carrying more than its share of the common tax burden for the year 1951. *Amoskeag Mfg. Co.* v. *Manchester, supra,* 204; *Rollins* v. *Dover, supra.* Even if one class of plaintiff's property has been assessed at a higher proportion of its true value that that of other taxpayers it is not entitled to an abatement unless its total tax is greater than its share of the common burden. *Edes* v. *Boardman,* 58 N. H. 580, 586; *Eyers Woolen Co.* v. *Gilsum*, 84 N. H. 1, 4. In one sense,

in this proceeding plaintiff is one party and all the remaining taxpayers the other party. The question is in what way between these two parties the constitutional rule of equality of burden shall be carried into effect. *Amoskeag Mfg. Co.* v. *Manchester, supra,* 206.

The current market value of all taxable estate in Claremont for the year 1951 excepting that of plaintiff was $36,590,470. It was assessed at $23,004,239 or at 62.87 per cent of its market value. All of plaintiff's taxable estate had a current market value of $585,930. It was assessed at $429,350 or at 73.27 per cent of its market value. The natural arithmetical conclusion is that plaintiff has sustained a larger share of the tax burden than other taxpayers generally. It is therefore entitled to an abatement. *Brock* v. *Farmington, supra.*

The relief to which it is entitled is to have its property appraised for taxation at the same ratio to its true value as the assessed value of all other taxable estate bears to its true value. *Boston & Maine R. R.* v. *State,* 75 N. H. 513, 517; *Rollins* v. *Dover,* 93 N. H. 448, 450. In other words its property should be appraised at 62.87 per cent of its true value. This results in an assessment of $368,374.19, a tax of $13,814.03 and an abatement of $2,286.21.

Plaintiff does not object in theory to this method of computation, but questions it "only because of the fact that, as stated in the agreement and stipulation of the parties the 1951 valuation and taxation of the petitioner's fixed property in Claremont have previously been settled by agreement of the parties . . . ." As we have already stated the test of plaintiff's right to an abatement is whether it has been asked to carry more than its share of the common tax burden. This cannot possibly be determined accurately unless all of its taxable estate and the whole of its tax is considered.

Defendant points out that the property holdings in the city generally were 10 per cent land and water power (assessed at 80% of its true value); 70 per cent buildings and structures (assessed at 55% of true value); 9 per cent machinery (assessed at 60% of true value) and 11 per cent stock in trade (assessed at 100% of true value). Plaintiffs holdings on the other hand were 4.3 per cent land and water power, 33.2 per cent buildings and structures, 27.3 per cent machinery and 35.2 per cent stock in trade. The city maintains that consequently a just result will not be obtained by applying the ratio of 62.87 per cent to the true value of plaintiff's property

because the bases to which the percentages are applied are not equal. It maintains that the figure 62.87 per cent referred to as an average percentage is weighted in favor of the plaintiff against the owners of the other 95 per cent of stock in trade and against the taxpayers owning only land, because their relative holdings are most likely different from those of plaintiff.

Defendant has not furnished a formula to correct the alleged injustices resulting from the application of the ratio of 62.87 to the true value of plaintiff's property. It has long been recognized in this state that equality in taxation is to be administered in a practical way and that mathematical equality is not obtainable in all respects. *Duncan* v. *Jaffrey,* 98 N. H. 305. It has also been stated that "if it appeared that by errors in valuation some individuals among the remaining taxpayers paid more and some less than their share, that fact could not affect the plaintiffs' obligation to pay their share," and that an abatement is granted to reduce plaintiff's assessment so as to produce its share of the tax and not merely to make its assessment similar to the assessment of other taxpayers in the same business or owning the same property. *Amoskeag Mfg. Co.* v. *Manchester,* 70 N. H. 200, 205, 206.

The issue in this case is in what way between these two parties the constitutional rule of equality of burden shall be carried into effect. We are of the opinion that an abatement of $2,286.21 as computed above by the long established formula will best accomplish that purpose.

Accordingly the order is

*Abatement in the sum of $2,286.21.*

All concurred.